## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCES SCARBOROUGH** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **FANNIE MAE a/k/a FEDERAL NATIONAL** | : | **NO. 15-3779** |
| **MORTGAGE ASSOCIATION** | : | |
| | : | |
| **CHASE a/k/a CHASE HOME FINANCE LLC** | : | |
| **a/k/a CHASE MANHATTAN MORTGAGE** | : | |
| **CORPORATION a/k/a JP MORGAN CHASE** | : | |

### MEMORANDUM

**SLOMSKY, J.**                                                                                                  **JULY     , 2015**

Plaintiff Frances Scarborough initiated this action against Fannie Mae and Chase based on their foreclosure on and sale of her property. She seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss her complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I.     FACTS[1]

Plaintiff brings claims against Chase and Fannie Mae based on their foreclosure on and sale of her property. The allegations of plaintiff's complaint are mostly based on a bankruptcy proceeding she filed in 2001, which has a lengthy and somewhat confusing history.

In 2001, "[i]n order to prevent the foreclosure [by Chase, which held the mortgage on plaintiff's property], [plaintiff] filed for protection under Chapter 13 of the Bankruptcy Code." *In re Scarborough*, 389 F. App'x 184, 185 (3d Cir. 2010) (per curiam). In 2007, the bankruptcy court denied confirmation of plaintiff's plan and dismissed her case. *Id.*; Compl. ¶17. Plaintiff

---

[1] The following facts are taken from the complaint and publicly available dockets of related proceedings in federal court.

1

alleges that the dismissal of her case was erroneous, violated her constitutional rights, and was caused by Chase's violation of various federal laws.  Compl. ¶¶ 16-17.  Plaintiff appealed the dismissal of her bankruptcy case, and the district court ultimately affirmed the dismissal.  *See In re Scarborough*, Civ. A. Nos. 07-4236 & 09-1984, 2011 WL 381909, at *3 (E.D. Pa. Feb. 2, 2011).  She alleges that Chase "defamed" her by arguing against her position that the dismissal was "void."  Compl. ¶¶ 22-23.

In the meantime, Chase took the position that no stay was in effect and pursued foreclosure on plaintiff's property.  Plaintiff believed Chase's actions violated bankruptcy law and, in 2008, initiated an adversary proceeding to stop the sale.  *Id.* ¶ 24.  The bankruptcy court rejected plaintiff's arguments and dismissed the adversary proceeding.  Plaintiff appealed that decision. In the meantime, Chase sold her property at a sheriff's sale on July 1, 2008 pursuant to an *ex parte* order authorizing the sale, which plaintiff asserts violated numerous laws.  On appeal, the district court, in a January 22, 2009 order, concluded that a bankruptcy stay was still in effect and remanded the case to bankruptcy court.  *In re Scarborough*, Civ. A. No. 08-04873, 2009 WL 159240, at *1 (E.D. Pa. Jan. 22, 2009).  Plaintiff alleges that this holding "became the law of the case."  Compl. ¶ 27.

In 2012, the Third Circuit reviewed the district court opinion affirming the bankruptcy court's 2007 dismissal order.  *In re Scarborough*, 457 F. App'x 193 (3d Cir. 2012) (per curiam). In the course of that review, the Third Circuit rejected plaintiff's arguments based on the January 22, 2009 order because that order was issued without jurisdiction.  *Id.* at 199.  The Third Circuit also held that Chase did not violate the bankruptcy stay by foreclosing on plaintiff's property. *Id.* at 199-200.  Finally, the Third Circuit found no error with the bankruptcy court's handling of

plaintiff's bankruptcy case, including its rejection of her plan and dismissal of the case. *Id.* at 200-01.

Chase purchased the property at the sheriff's sale and later transferred the title to Fannie Mae. In 2011, Fannie Mae filed an ejectment action against plaintiff. Compl. ¶ 67. After evicting plaintiff, Fannie Mae sold the property to a third party. Plaintiff alleges that Fannie Mae's actions violated the bankruptcy stay and the related January 22, 2009 decision that was rejected by the Third Circuit. On that basis, she contends the state court lacked jurisdiction over the ejectment action.

Based on those facts, plaintiff initiated this action against Chase and Fannie Mae. She claims that the defendants violated the bankruptcy stay, the January 22, 2009 order, numerous federal, state, and bankruptcy laws, and her constitutional rights by foreclosing on and selling her home, and failing to provide her an opportunity to resolve her debt through loan modification. She primarily seeks damages and possession of her former property.

## II.    STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears as though she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the complaint if it is frivolous, malicious, or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or

3

harass the defendant." *Id.* at 1086.  In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  The Court may also consider matters of public record.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013).  As plaintiff is proceeding *pro se*, the Court must construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

The crux of plaintiff's lawsuit is that the defendants violated a bankruptcy stay, a related court order, and, by extension, other federal and state laws, by foreclosing on and selling her home and fighting her efforts to retain her property.  Her claims are premised on theories and allegations of wrongdoing that the Third Circuit rejected approximately three-and-a-half years before she filed this lawsuit. *See In re Scarborough*, 457 F. App'x 193 (3d Cir. 2012) (per curiam). In light of the Third Circuit's conclusion that Chase did not violate a bankruptcy stay by foreclosing on plaintiff's property, and the Third Circuit's affirmance of the dismissal of

4

plaintiff's bankruptcy action, plaintiff's current claims are legally baseless. Furthermore, plaintiff's reassertion of arguments that have already been rejected supports a finding that this action is malicious. *See Fiorani v. Hewlett Packard Corp.*, 547 F. App'x 103, 105 (3d Cir. 2013) (per curiam) ("Repetitive litigation undoubtedly is some evidence of a litigant's motivation to vex or harass a defendant where it serves no legitimate purpose."). In any event, the Court cannot discern a plausible factual basis for a timely claim against the defendants within this Court's jurisdiction.[2]

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint as frivolous, malicious, and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). The dismissal is with prejudice because the Court concludes that amendment would be futile. Plaintiff's motion to seal her address is denied.[3] An appropriate order follows.

---

[2] To the extent plaintiff seeks review and rejection of state court judgments in the related foreclosure proceeding and ejectment action, this Court lacks jurisdiction over her claims. *See Great W. Mining & Mineral Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (pursuant to the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments" (quotations omitted)).

[3] Plaintiff has not articulated a basis for sealing her address, which is already publicly available on the dockets of prior cases she filed with this Court, Civ. A. Nos. 14-2794 & 12-4294.